# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | 1:08-cv-00226 AWI DLB HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, WITH PREJUDICE |
| v. | [Doc. 1] |
| ARNOLD SCHWARZENEGGER, et.al., | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 14, 2007, in the United States District Court for the Central District of California. The petition was transferred to this Court on January 30, 2008, and filed on February 13, 2008. (Court Doc. 1.)

In the instant petition, Petitioner raises the following three claims for relief: "Petitioner was ill-advised by court of 296 P.C. and extended pass parole date if failed and refused to take DNA test ordered by CDCR"; (2) Petitioner was not informed of DNA testing or sexual registration per Penal Code 290 and 295 and 296"; and (3) Petitioner is subjected to atypical and significant hardship and retaliation." (Petition, at 5-6.)

## DISCUSSION

I.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1

1  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
2  entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 8 indicate that
3  the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4,
4  pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.
5  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

6      A federal court may only grant a petition for writ of habeas corpus if the petitioner can
7  show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas
8  corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his
9  confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez,
10  411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section
11  2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method
12  for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S.
13  136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee
14  Notes to Rule 1 of the Rules Governing Section 2254 Cases.

15  II.    Failure to State a Cognizable Federal Claim

16      In his petition before this Court, Petitioner presents three grounds for relief. However,
17  none of them present a cognizable federal claim.

18      In Ground One, Petitioner contends that on August 30, 2004, the Clerk of the Pasadena
19  County Superior Court sent him an amended abstract of judgment and the DNA box was not
20  checked.  Petitioner contends that CDCR officials continue to falsify documents to subject him to
21  DNA testing.  Petitioner contends that he was not advised of the DNA testing upon his arrival at
22  CDCR and his failure to subdue to such testing will result in an adjustment of his release date.
23  Petitioner's claim is so vague and conclusory it does not warrant habeas corpus relief.  See Jones
24  v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no
25  reference to the record or any document do not merit habeas relief).  Although Petitioner
26  contends that his 2002 conviction for burglary and identity theft do not warrant DNA testing, the
27  Court takes judicial notice of the fact that Petitioner also suffers from a 2006 conviction in the
28  Kings County Superior Court for indecent exposure in violation of California Penal Code § 314,

1 subd. 1.  As a consequence, Petitioner is subject to registration as a sex offender pursuant to
2 California Penal Code § 290.  See CV-F-07-277 LJO SMS HC.[1]  Petitioner's present allegation
3 simply fails to rise to the level of a constitutional violation and the claim must be dismissed.

4       In Ground Two, Petitioner contends that he was not informed of the sexual registration
5 requirement by the Superior Court, and the statute has been unlawfully applied to him.  (Petition,
6 at 5.)  The challenged conviction arises out of the Pasadena County Superior Court, which is
7 located within the jurisdiction of the United States District Court for the Central District of
8 California.  28 U.S.C. § 2254(a); 2241(d).  Any challenge as to that conviction and/or sentence
9 must be raised in that Court.

10       In Ground Three, Petitioner challenges the conditions of his confinement, which cannot
11 be raised via § 2254 petition.  Rather, such claims must be raised via § 1983 complaint.  The
12 Court notes that Petitioner is presently subject to a pre-filing order, see case number 1:99-cv-
13 06590 OWW-LJO-P Washington v. Early, and any attempt by Petitioner to circumvent such
14 requirement may result in sanctions by the Court.  See Local Rule 11-110.

15       In sum, Petitioner's claims are unfounded and conclusory and present no basis for which
16 this court can grant habeas relief.  Rule 4 of the Rules Governing Section 2254 Cases explicitly
17 allows the district court to dismiss summarily a habeas petition when no claim for relief is stated.
18 See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990.)

19                                  ORDER

20       Based on the foregoing, it is HEREBY ORDERED that the instant petition for writ of
21 habeas corpus is DISMISSED, with prejudice.

23 IT IS SO ORDERED.

24 **Dated:   March 7, 2008**　　　　　　　　　　　**/s/ Anthony W. Ishii**
                                                              UNITED STATES DISTRICT JUDGE

---

[1] A Court may take judicial notice of court records.  See, MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).